# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARTEL MEDIA GROUP LLC d/b/a | ) | |
| CHARGEBACK HERO, a Delaware | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: N20C-12-082 SKR |
| | ) | |
| FRANK BARONE, ARTEM | ) | |
| ADAMOC, KIRILL CHUMENKO, | ) | |
| FORTERA NUTRA SOLUTIONS, LLC | ) | |
| f/k/a NEXT GEN HEALTH | ) | |
| SOLUTIONS, LLC, KBC | ) | |
| DEVELOPMENT, LLC, and | ) | |
| INTELANYZE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>
*Upon Consideration of Plaintiff/Counterclaim-Defendant's Motion to Dismiss*
**GRANTED, in part** and **DENIED, in part**.

Michael C. Heyden, Jr., Esq., and Tianna S. Bethune, Esq., Gordon Rees Scully Mansukhani LLP, Wilmington, Delaware. *Attorneys for Plaintiff/Counterclaim-Defendant*.

Alisa Moen, Esq., Moen Law LLC, Wilmington, Delaware. *Attorneys for Defendants/Counterclaim Plaintiff.*

**Rennie, J.**

## I. INTRODUCTION

This matter arises from a breach of contract action filed by Plaintiff, Cartel Media Group LLC d/b/a Chargeback Hero ("Plaintiff") against Defendants, Frank Barone ("Barone"),[1] Artem Adamov ("Adamov"),[2] Kirill Chumenko ("Chumenko"),[3] Fortera Nutra Solutions, LLC ("Next Gen Health"),[4] KBC Development, LLC ("KBC"), and Intelanyze LLC ("Intelanyze") (altogether "Defendants"). Defendants have filed counterclaims against Plaintiff. This Memorandum Opinion addresses Plaintiff's Motion to Dismiss Defendants' counterclaims, pursuant to Delaware Superior Court Civil Rule 12(b)(6).[5]

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiff's business includes assisting e-commerce retailers with chargeback mitigation services, services which include monitoring an e-commerce retailer's chargeback information, gathering relevant information when a chargeback has been submitted, and preparing and filing responses to dispute a chargeback. This litigation stems from agreements executed between Plaintiff and Defendants

---

[1] Managing Member of Next Gen Health, Fortera, and KBC.
[2] President of Intelanyze.
[3] Managing Member of Improved Nutraceuticals LLC and was previously the Managing Member of Next Gen Health.
[4] Formally known as Next Gen Health Solutions LLC.
[5] Super. Ct. Civ. R. 12(b)(6).

between 2017 and 2019. Under these agreements Plaintiff was to perform services including, data storage, monitoring, credit card processing and customer refund management, and Defendants were to pay for such services. Plaintiff filed an action alleging breach of contract and seeking the alleged balances owed to it by each Defendant.[6] In response, Defendants filed counterclaims alleging that Plaintiff failed to meet its obligations set forth in the contracts at issue.

### B. Procedural Background

On December 7, 2020, Plaintiff filed the Complaint against Defendants, alleging five counts of breach of contract, three counts of breach of contract based on alter ego liability, and three counts of unjust enrichment.[7] On March 12, 2021, Defendants filed an Answer, Affirmative Defenses, and Counterclaims against

---

[6] Plaintiff alleges the following as to each Defendant: (1) As to Next Gen Health, Plaintiff alleges that it materially breached the agreements and seeks an alleged outstanding balance of $84,088.34 and $53,149.40 (including interest); (2) As to KBC Development LLC, Plaintiff alleges that KBC materially breached the agreement and seeks an outstanding balance of $17,511.13 (including interest); (3) As to Intelanyze LLC, Plaintiff alleges that KBC materially breached the agreement. Plaintiff seeks an outstanding balance of $49,718.91 (including interest); (4) As to Frank Barone, Plaintiff asserts a breach of contract claim against Barone as the executor of the Agreements between Plaintiff and Next Gen Health. Plaintiff alleges that as a direct and proximate result of Mr. Barone's breach, it has suffered damages in the amount of $154,748.79, plus interest in accordance with the applicable law, and attorney's fees and costs; (5) As to Artem Adamov, Plaintiff asserts a breach of contract claim against Adamov, President of Intelanyze, as executor of the Agreement between Plaintiff and Intelanyze. Plaintiff alleges that as a direct and proximate result of Mr. Adamov's breach, it has suffered damages in the amount of $49,718.91 plus interest in accordance with the applicable law, and attorney's fees and costs; (6) As to Kirill Chumenko, Plaintiff asserts a claim for breach of contract based on alter ego liability and argues that Chumenko is personally liable to for $154,748.69 plus interest in accordance with the applicable law, and attorney's fees and costs.
[7] *See* Pl.'s Compl.

Plaintiff. Defendants assert the following counterclaims: (I) Breach of Contract; (II) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (III) Unjust Enrichment.[8] On April 6, 2021, Plaintiff filed a Motion to Dismiss Defendants' Counterclaims.[9] On April 22, 2021, Defendants filed an Answering Brief in Opposition.[10] On May 6, 2021, Plaintiff filed a Reply Brief.[11] On June 3, 2021, the Court heard oral argument. This matter is ripe for review.

## III. STANDARD OF REVIEW

On a Motion to Dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[12] Even vague allegations are considered well plead if they give the opposing party notice of a claim.[13] The Court must draw all reasonable inferences in favor of the non-moving party;[14] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[15] Dismissal of a complaint under Rule 12(b)(6) must be

---

[8] *See* Def.s' Countercl.
[9] *See* Pl.'s Mot.
[10] *See* Def.s' Resp.
[11] *See* Pl.'s Reply.
[12] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[13] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).
[14] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d at 168.
[15] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (internal citation omitted).

denied if the plaintiff could recover under "any reasonably conceivable set of circumstances susceptible of proof under the complaint."[16]

## IV.   DISCUSSION

In reviewing Plaintiff's Motion to Dismiss, the Court considers Defendants' counterclaims for: (A) Breach of Contract; (B) Breach of Implied Covenant of Good Faith and Fair Dealing; and (C) Unjust Enrichment, in turn.

### A. Defendants Sufficiently Pled a Counterclaim for Breach of Contract.

To survive a Rule 12(b)(6) motion to dismiss, a pleading for breach of contract must allege: (1) the existence of a contract; (2) that the contract was breached; and (3) [that] damages [were] suffered as a result of the breach."[17]  "In alleging a breach of contract, a plaintiff need not plead specific facts to state an actionable claim."[18]  "[A] complaint for breach of contract is sufficient if it contains 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[19]  This statement need "only give the defendant fair notice of a

---

[16] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952)).
[17] *Khushaim v. Tullow Inc.*, 2016 WL 3594752, at *3 (Del. Super. June 27, 2016) (citing *eCommerce Indus., Inc. v. MWA Intelligence, Inc.*, 2013 WL 5621678, at *13 (Del. Ch. Sept. 30, 2013); *VLIW Tech, LLC v. Hewlett–Packard Co.*, 840 A.2d 606, 612 (Del.2003)).
[18] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003).
[19] *Id.* (citing Court of Chancery Rule 8(a)(1)).

5

claim and is to be liberally construed."[20] "A complaint that gives fair notice 'shifts to the defendant the burden to determine the details of the cause of action by way of discovery for the purpose of raising legal defenses.'"[21] Thus, under Delaware's system of notice pleading, a plaintiff need not plead evidence. Rather, to state a proper claim, a plaintiff is only required to allege facts that, if true, state a claim upon which relief can be granted.[22]

Here, in their counterclaims, Defendants pled, among other things, that they suffered damages in the form of payment of invoices for services not provided or improperly rendered.[23] Defendants claim that Plaintiff failed to satisfy its obligations yet billed and was paid by Defendants for these services. Specifically, Defendants assert that Plaintiff was obligated under the terms of the Service Agreements to "review incoming alerts to the Client [Defendants] and issue refunds to customers in full."[24] Although Defendants quote the contractual obligations they allege were breached, and reference the annexed contracts at issue, Plaintiff contends

---

[20] *VLIW Tech., LLC*, 840 A.2d at 611 (citing *Michelson v. Duncan*, 407 A.2d 211, 217 (Del.1979); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
[21] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952)).
[22] *Id.*
[23] Def.s' Countercl. ¶ 17.
[24] *See id.* ¶¶ 2-11. Defendants argue that Plaintiff breached the terms of the Service Agreements at issue by (1) failing to collect information from merchant banks that was necessary to make decisions as to chargebacks; (2) failing to present accurate information with respect to customer information; (3) failing to respond to customer dispute alerts and implement any mitigation measures; (4) failing to prevent chargebacks; (5) failing to issue the proper refunds to customers; and (6) failing to dispute chargebacks on behalf of Defendants. Def.s' Resp. at 10.

that these allegations fail to cite specific provisions in the contracts at issue and, thus fall short of Delaware's notice pleading requirements. The quoted provisions of the contract, that Defendants allege were not complied with, which contract was annexed to the counterclaim and initial complaint, are enough to put Plaintiff on notice of Defendants' claim for breach of contract. The remaining details of Defendants' cause of action can be secured through "discovery for the purpose of raising defenses."[25]

Plaintiff also seeks dismissal of Defendants' counterclaim for breach of contract because it contends that the "Limitation of Liability" provision in the Service Agreements precludes recovery as a matter of law.[26] A careful reading of

---

[25] *VLIW Tech., LLC*, 840 A.2d at 611 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952)).

[26] Pl.'s Compl., Exhibit 1 ¶ 15 ("LIMITATION ON LIABILITY. CLIENT ACKNOWLEDGES AND AGREES THAT CHARGEBACK HERO SHALL NOT BE LIABLE HEREUNDER FOR ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT, SPECIAL, PUNITIVE, OR EXEMPLARY DAMAGES OF ANY KIND, INCLUDING WITHOUT LIMITATION ANY LOSS OF USE, LOSS OF BUSINESS, OR LOSS OF PROFIT OR REVENUE, ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT, REGARDLESS OF THE FORM OF ACTION WHETHER IN CONTRACT, TORT (INCLUDING NEGLIGENCE, STRICT LIABILITY, OR OTHERWISE), EVEN IF CHARGEBACK HERO HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, AND NOTWITHSTANDING THE FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY. CHARGEBACK HERO'S TOTAL CUMULATIVE LIABILITY HEREUNDER, REGARDLESS OF THE FORM OF ACTION, WILL NOT EXCEED AN AMOUNT EQUAL TO ALL AMOUNTS ACTUALLY RECEIVED BY CHARGEBACK HERO FROM CLIENT DURING THE TWELVE (12) MONTH PERIOD IMMEDIATELY PRECEDING THE INCURRENCE OF ANY SUCH LIABILITY. THE ESSENTIAL PURPOSE OF THIS PROVISION IS TO LIMIT THE POTENTIAL LIABILITY OF CHARGEBACK HERO ARISING OUT OF THIS AGREEMENT. THE PARTIES ACKNOWLEDGE THAT THE LIMITATIONS SET FORTH IN THIS SECTION 15 ARE REASONABLE AND ARE INTEGRAL TO THE AMOUNT OF CONSIDERATION LEVIED IN CONNECTION WITH CLIENT'S USE OF THE SOFTWARE AND SERVICES PROVIDED

7

the language in that section, juxtaposed against the counterclaim, reveals that Defendants have asserted a basis for damages that would not run afoul of the provision. As part of their breach of contract claim, Defendants seek money damages directly resulting from their alleged payment of fees for services that were not provided or were improperly rendered. The remedy for such breach would naturally be disgorgement of the money paid for the services, and such damages would not be precluded by the Limitation of Liability provision in the Service Agreements.[27] For these reasons, Plaintiff's Motion to Dismiss Defendants' counterclaim for breach of contract is **DENIED**.

### B. Defendants Failed to Sufficiently Plead a Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

"To state a claim for breach of the implied covenant [of good faith and fair dealing], a plaintiff must allege: (1) a specific implied contractual obligation; (2) a breach of that obligation; and (3) resulting damage."[28] "[A] breach of implied

---

BY CHARGEBACK HERO HEREUNDER, AND THAT, WERE CHARGEBACK HERO TO ASSUME ANY FURTHER LIABILITY OTHER THAN AS SET FORTH HEREIN, SUCH CONSIDERATION WOULD OF NECESSITY BE SET SUBSTANTIALLY HIGHER.").

[27] Pl.'s Compl., Exhibit 1 ¶ 15. At this time, the Court does not and need not address the other types of damages requested by Defendants in the counterclaim or decide whether they are viable under the Limitation of Liability provision in the Service Agreements.

[28] *Khushaim v. Tullow Inc.*, 2016 WL 3594752, at *3 (Del. Super. June 27, 2016) (citing *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009)).

covenant claim cannot be based on conduct that the contract expressly addresses[.]"[29]

Such claims are only invoked "when the contract is truly silent with respect to the matter at hand, and . . . when . . . the expectations of the parties were so fundamental that it is clear that they did not feel a need to negotiate about them."[30] "[M]erely repeating" alleged misconduct "or omissions already the subject of a separate breach of contract claim is insufficient to support a claim for breach of the implied covenant of good faith and fair dealing."[31]   Thus, "where the contract specifically addresses the alleged misconduct, its terms will be applied and an implied covenant claim will not stand."[32]

The Delaware Supreme Court has noted that courts "only imply contract terms when the party asserting the implied covenant proves that the other party has acted arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the

---

[29] *Khushaim*, 2016 WL 3594752, at *4.
[30] *Id.* (citing *Allied Capital Corp. v. GC–Sun Holdings, L.P.*, 910 A.2d 1020, 1032–33 (Del. Ch. 2006)).
[31] *Id.* (citing *Haney v. Blackhawk Network Holdings, Inc.*, 2016 WL 769595, at *9 (Del. Ch. Feb. 26, 2016) (dismissing claim for breach of the implied covenant where the plaintiff relied entirely on his claim that the defendant violated provisions of the contract); *Fords Advisors LLC v. Dialog Semiconductor PLC*, 2015 WL 401371, at *5 (Del. Ch. Jan. 30, 2015) (dismissing implied covenant claim where defendant mimicked the language of its breach of contract claim and failed to allege any actions or failures not controlled by the agreement)).
[32] *Id.*

asserting party reasonably expected."[33]  Therefore, when considering a claim for a breach of the implied covenant courts consider "the parties' reasonable expectations at the time of contracting and [do] not rewrite the contract to appease a party who later wishes to rewrite a contract he now believes to have been a bad deal . . . ."[34]

Here, the counterclaim alleges that Plaintiff breached the implied covenants in the Service Agreements by "refusing to address [Plaintiff's] material breaches thereunder[;] . . . [and continued to receive monthly payments while] failing to provide requisite data storage and monitoring services to [Defendants] as contemplated in the Service Agreements."[35]

In reviewing the record, it appears that the parties agree that the Alert Service Agreement at issue specifically requires Plaintiff to review incoming alerts, issue refunds to customers in full and take all steps to prevent a chargeback from an incoming alert.[36]  Defendants assert that it is implied that in undertaking these obligations, Plaintiff would fulfill them completely and accurately, and thus failure to do so constitutes a breach of the implied covenant of good faith and fair dealing.[37]

---

[33] *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010) (citing *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005)).

[34] *Id.* (citing *Cont'l Ins. Co. v. Rutledge & Co.*, 750 A.2d 1219, 1234 (Del. Ch.2000) (analyzing parties' "reasonable expectations at the time of contract formation" in implied covenant claim)).

[35] Def.s' Countercl. ¶¶ 22–23.

[36] Pl.'s Compl., Exhibit 1 at 1; Def.'s Countercl. ¶ 1; Def.'s Resp. at 9.

[37] Def.s' Resp. at 14.

Defendants' contention evidences a misunderstanding of the implied covenant of good faith and fair dealing.

Defendants' position that the Plaintiff's contractual obligations should be undertaken with completeness and accuracy is a standard *assumed* under the contract as distinguished from a standard *implied* under the contract. A standard that is assumed is related to anticipated events, and thus cannot be considered as a "gap filler" under the implied covenant.[38] Standards assumed under the contract are understood by parties as aligned with the express language used to define contractual obligations. In contrast, implied standards are defined, understood, or considered, after the fact, via "gap fillers," because they resulted from an unanticipated event that may not have or could not have been considered prior to executing the contract.

In order to set forth a claim for the implied covenant of good faith and fair dealing, there needs to be alleged some conduct by the Plaintiff that was arbitrary or unreasonable which had the effect of preventing the Defendants from receiving the

---

[38] *See TWA Res. v. Complete Prod. Servs., Inc.*, 2013 WL 1304457, at *6 (Del. Super. Mar. 28, 2013) (quoting *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010)) (the implied covenant "is not an equitable remedy for rebalancing economic interests after events that could have been anticipated, but were not, that later adversely affected one party to a contract. Rather the covenant is a limited and extraordinary legal remedy.").

11

fruits of the contracts. And such conduct must not be covered in the contracts at issue.[39]

Defendants have not properly pled such a claim here. Instead, the alleged failures of Plaintiff are deemed to be part of the express language of the contracts between Plaintiff and Defendants and not an unanticipated condition requiring a "gap filler" under the covenant of good faith and fair dealing. The assumption that Plaintiff would fulfill its obligations under the Service Agreements properly and accurately is assumed within the contract language.[40] Hence, any alleged violation of those obligations would be addressed via a breach of contract action. For these reasons, the Court finds that Defendants have failed to properly plead a counterclaim for a breach of implied covenant of good faith and fair dealing. Therefore, Plaintiff's Motion to Dismiss Defendants' counterclaim for breach of the implied covenant of good faith and fair dealing is **GRANTED**.[41]

---

[39] *Aspen Advisors LLC v. United Artists Theatre Co.,* 843 A.2d 697, 707 (Del. Ch. 2004); *Allen v. El Paso Pipeline GP Co., LLLC,* 113 A.3d 167, 183 (Del. Ch. 2014).
[40] Pl.'s Compl., Exhibit 1 at 1.
[41] The Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing is Dismissed without prejudice. Defendants may amend their counterclaim in an attempt to satisfy the pleading requirement for that claim.

## C. Defendants' Counterclaim for Unjust Enrichment Fails.

Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."[42]  "A claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim."[43]

In this case, there does not exist a dispute that the executed Service Agreements control the parties' respective obligations.  Indeed, Defendants acknowledge that "[t]here is no dispute that the Service Agreements . . . govern the relationship between the parties and is a valid and binding contract that [Plaintiff] breached."[44]  "When an express, enforceable contract controls the parties' relationship, a claim for unjust enrichment is not available because the contract itself is the measure of the parties' rights."[45]  Thus, an unjust enrichment claim can only survive a motion to dismiss where the pleadings place the existence of the contract in doubt.[46]  Hence, because both parties submit that the Service Agreements at issue

---

[42] *Khushaim*, 2016 WL 3594752, at *8.
[43] *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 890 (Del. Ch. 2009).
[44] Def.'s Resp. at 9 (citing Def.s' Countercl. ¶ 1; Pl.'s Compl., Exhibit 1-5).
[45] *Deere & Co. v. Exelon Generation Acquisitions, LLC*, 2015 WL 4399934, at *1 (Del. Super. July 13, 2015) (citing *Deere & Co. v. Exelon Generation Acquisitions, LLC*, 2014 WL 904251, at *5 (Del. Super. 2014) (citing *Kuroda*, 971 A.2d at 891)).
[46] *See Bakerman v. Sidney Frank Importing Co.*, 2006 WL 3927242, at *18 (Del. Ch. Oct. 10, 2006) (citing *Student Fin. Corp. v. Royal Indem. Co.*, 2004 WL 609329, at *7 (D. Del. Mar.23, 2004) (rejecting motion to dismiss unjust enrichment claim where complaint alleged underlying contract was invalid and subject to rescission because of fraudulent conduct and omissions)).

form the bases of claims in this action, Defendants' counterclaim for unjust enrichment cannot survive.[47] For these reasons, the Court finds that Defendants have not sufficiently plead a counterclaim for unjust enrichment. Therefore, Plaintiff's Motion to Dismiss Defendants' counterclaim for unjust enrichment is **GRANTED**.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff, Cartel Media Group LLC d/b/a Chargeback Hero's Motion to Dismiss is **GRANTED, in part** and **DENIED, in part.**

**IT SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[47] The Court notes that while Plaintiff stridently argues to dismiss Defendants' unjust enrichment claim, Plaintiff has similarly alleged a claim for unjust enrichment in connection with  a breach of contract claim as part of its complaint in this action.  S*ee* Pl.'s Compl. ¶¶ 90–116.  However, the viability of that claim is not before the Court in this action, because Defendants have not moved to dismiss it.